Good morning. May it please the Court, Michael Tanaka, Deputy Federal Public Attorney. Tanaka. Appearing on behalf of Mr. Anderson. The issue in this case is a very simple one. It's whether former section 3583E3 permits following a revocation of a term of supervised release and imprisonment, a new term of supervised release that exceeds the previous term less any time that the man was imprisoned. Now, this issue is a matter of statutory interpretation and is squarely controlled by the Supreme Court's decision in Johnson. Counsel, just to be sure I understand the facts here, what was the correct? Well, doesn't that set the limit? That sets the limit initially, but now we're talking about a revocation. So the question is, what happens after a revocation? Now, what term is being revoked? The term that's being revoked is the term that he's serving. That seems almost obvious. So then the question is, then what can the court do after it revokes the term? And that's where we go back to Johnson. Johnson said that because E3, actually there's nothing, there's no law that explains. Well, Johnson says that E3 limits the possible prison term to the duration of the term of supervised release originally imposed. And in this case, since it was the statutory maximum, then Johnson goes on to talk about some other things, if less than that is. So that would be five years, right? Originally imposed, but then the term that was He started out with a five-year term of supervised release, right? That's correct. So presumably he couldn't be punished beyond that because for various reasons, either statutory or due process, but I don't understand why he can't be, under Johnson and under the statute, given up to the to read the way Johnson interprets the statute, it's clear that in reading the term revoke, the only way they can get to imposing a new term of supervised release after revoking a previous term is to say that when you revoke a term, the normal understanding of that is that it no longer exists. But in Johnson, the court says, we're using revoke in an unusual sense. That is, it's more like recall. So we recall the term and they explicitly say, so that term still exists. And now we're talking about the term that's being revoked, not any term that could have been imposed, not the term that was originally imposed, but the term that was actually revoked. But the sentence is, in theory, for the original crime. That's correct. So you're not being separately punished for the thing you did to get revoked, you're being repunished for the original crime. So why doesn't it make sense to go back to square one? It would if the statute allowed for that, and certainly it does now on 3583H explicitly provides for that. But that didn't exist at the time of Mr. Anderson's crime. And that's why the Supreme Court had to read Johnson in a way that allowed for that. And the only way they could do that was to say that term, after it was revoked, existed so that whatever remained, and they use the phrase a couple times, they say, the term of supervised release is expressly tied to the imposed term of release. And since that term after it's revoked continues in some sense after revocation, even when part of that term is served in prison, why can't the balance not remain as an effective as a term of supervised release? Again, that's at page 706. At 707 they say again, any balance not served in prison may survive to be served out as a term of supervised release. Again, explicitly talking about the balance, and the balance is explicitly tied to what was left of that term of supervised release and minus any term that was served in prison. It's just a matter of pure statutory interpretation, and Johnson reached that only by its remainder of your time to use in rebuttal. Good morning, Your Honors. Terry Flynn, Assistant United States Attorney on behalf of the United States. May it please the Court. Both parties are in agreement that Johnson does control as to how we're going to interpret the former section 3583E. What the parties disagree on is what balance means throughout the case, and which term it is that you go back to, whether it's the original or the previously imposed. Well, what is being revoked? It seems to me, at least under the statutory terms, the question is what term is being revoked in the present proceeding. I believe it's revoking supervised relief that's being served, but it's going all the way back to the original offense because supervised release was imposed for the original offense that was committed. The problem, the sort of statutory textual problem I have with your argument is that it says the Court may, after considering certain factors, revoke a term of supervised release, using the indefinite, whatever term that is, a term, and require the person to serve in prison all or part of the term of supervised release. So it seems to, the second the term seems to refer back to the first term, that is, what is being revoked. So doesn't it matter for us to figure out what's being revoked? I don't believe so because the reasoning of Johnson looks at the original term of supervised release imposed, and when balance is discussed throughout the 3583H to the facts of that case because the original offense occurred before 1994, before 3583H was imposed. And it was basically saying that there would be an ex post facto problem if we did revoke based on using 3583H because it's the original term that matters. So if we were to find that the actual term being further imposed, I think the Court in Johnson would have said, well then 3583H applies because in that case, that term of supervised release was imposed subsequent to 1994, and the Court could have just revoked and reimposed and there would have been no ex post facto problem. Johnson didn't involve this fact pattern where there were multiple terms imposed, right? No, Johnson was similar in that it had an original offense that occurred prior to the enactment of 3583H and then a revocation that occurred serving supervised release after that time. But there was only one revocation? Am I wrong about that? I believe there were two revocations. He began serving supervised release in 1995. Actually, I apologize, Your Honor, there's just one revocation. Well, that's what I thought. So Johnson didn't quite get to our problem exactly. Well, it's not exactly on point, but I think the reasoning of Johnson is important. Throughout the Johnson case, it talks about the purpose of supervised release and parole and probation in the pre-guidelines era. And it points out that to cut off supervised release and limit it to just what was left or not even imposing further supervised release when someone is revoked and a new term of imprisonment is implied or put forth would contravene the purpose of supervised release, which is to help somebody transition from the community onto the streets. In this specific case, the judge at the third revocation hearing was incredibly concerned about the defendant facing him. He had been given five years of supervised release initially, revoked, given six months and then three years of supervised release, revoked yet again, given seven months and then a three-month supervised release term to serve it in a community corrections facility. He could not do that. He walked away from the CCC. And the judge looked at that and said he needs more supervised release time to help him on the street. To reach the conclusion that the defendant is putting forth would be absurd and it goes against everything that supervised release stands for in to help somebody transition into the community. And I think the reasoning behind Johnson, as well as looking at the statutory language in 3583E3, provides that it goes back to the original term. That's what Johnson says. The statute doesn't say original term. It says when a term is revoked, then the court may do X. That is correct. But that doesn't say, it doesn't refer at all in the statute to the original term. Correct. It is completely silent. If you look at 3583A, it talks about a term of supervised release being part of the sentence originally imposed. And I think when you're talking about a term of supervised release in 3583E3, it mentions revoking a term of supervised release. I think in reading that in conjunction with 3583A, the term of supervised release is the original one imposed that continues throughout the period of time depending on how much time is served at each given time. Math comes into play a lot in this case because you've got to take your five years of supervised release and from that you're subtracting how much custody time was. So in reading what that term of supervised release being revoked and what should be reinstated, you must subtract the prison time to get down to what is remaining. And in this case, if you do the math, there was originally 60 months that could be imposed. Defendants served six months in custody, then seven months in custody, and the current case was given 89 days. That leaves approximately 44 months that could be reimposed. The court here gave 36 months. That is well within a legal sentence looking at 3583E3. What would the maximum be you're suggesting? Well, the maximum, of course, all combined would be five years. Correct. But in terms of the imposition in this case, he was given 36 months, but how many months could he have been given? I believe 44, if you do the math, and that is subtracting the periods of imprisonment that he served that must be taken off the sentence. He had 44 months remaining. To believe that he only had one day remaining of supervised release, I believe contravenes public policy and everything that Johnson stands for. I would note that if you look at 3583E2, it talks about extending a term of supervised release. And specifically at the end of Johnson, Johnson kind of points out that if somebody hadn't gotten to the maximum amount of supervised release, whereas maybe somebody in the very first instance was only given three years instead of five years, a court could revoke and then extend the supervised release period all the way up to the maximum and then go ahead and revoke, thereby allowing for all of that extra time to be there. And this court can affirm on any basis in the record, and I believe in reading any convo. So you're saying as a practical matter, the court could combine its authority under subsection 2 and subsection 3 to both revoke and extend? Yes, and I think in reading combination of that, that also gets to the goal of the supervised release statute, which is to go back to the original term and to have something essentially hanging over the defendant's head. So I think you can get there under E3 and a reading of Johnson alone. However, also in reading in combination E3 with E2, I think that also saves what the court did below, and this court could affirm on that basis as well. How much time remains of the 36 months? How much has he served? Right. I believe... I want to just be sure we're not discussing this interesting issue when it's moved. The sentence was imposed in March of 2007, so he had 89 days. So he's, I believe, probably... He's got a while on supervised release still. He got three years of supervised release. My estimation would be about two years remaining. Okay. And without any questions, I'll submit. No further questions. Thank you, counsel. Thank you. Mr. Tanaka, you have some reserve time. Thank you, Your Honor. I can appreciate the government's effort to extend this into a general discussion about policy and goals of supervised release, but that's not really what's at issue at this case. And it does matter which term is being revoked because, as the court noted, the authority to reimpose a term of supervised release comes from the word revoke. Johnson found it in the word revoke, in E3. So the only authority, statutory authority, for reimposing a term of supervised release has to be found in E3 and has to be found in that word revoke. What is your response to counsel's argument that E3 is only part of the court's authority, but E2, which permits the extension of a term of supervised release when less than the statutory maximum has been imposed, would combine to give the court this authority? That is, the court could say, well, I'm revoking, but I see there's only one day, so now I'm going to go back to subsection 2, and I have the authority to extend it because it's required and all the statutory factors are met. A couple things, Your Honor. First, those sections, E1, 2, and 3, are outlined in the disjunctive. That is, they're separated by the word or. So that suggests that the court's options are limited to one or the other or the other, not some combination of all of them. Second, whether that was permitted, the court clearly didn't do that. The court revoked E3. The court relied on subsection 3, clearly. That's correct. So we don't, I mean, it would at this point be speculation to say that that's what the court would have done or could have done. The court didn't do that. Well, that's an interesting question. Let's say the court had cited no statute or had cited the wrong statute number. Would that undo the court's authority? What if the court had said, I can't remember the statute number, I think it's 2506. But anyway, I think he needs three years of supervised release. Does that mean it's no good? My thought is that generally, if the authority was clear, that might not be a problem. But in a case such as this where there's so many different strains and there might be additional fact-finding that one would need to do in that case. Why would there be fact-finding? I mean, the court's concern here is that your client could not seem to make a go of it on supervised release. I mean, this was like number three revocation, I think, something like that. There would have to be a recognition of what the legal options were, and then you could pick something in that. It seems to me that any time a judge makes a decision, it has to be referenced or cabined by what the outcomes are. And that might change. The decision might change if there's an awareness of that. In any case, I submit that that wasn't even permitted under the statute, and there's certainly no case law explicitly giving the judge that authority. Counsel, I assume you agree with Ms. Flynn that your client has about two years left on the current imposition. Is that right? I believe it's a little less than two years, but somewhere in that area. In that area. Okay. Thank you, Counsel. Thank you, Counsel. The case just argued will be submitted for decision, and we will hear argument next in Abraham v. Mukasey.
judges: O'scannlain, Graber, Gibson